IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| *Plaintiffs*, v. | ) ) ) ) | Case No. 16-cv-10331 District Judge |
| GEORGE JONES EXCAVATING, L.L.C., an Illinois limited liability company, | ) ) ) ) | Magistrate Judge |
| *Defendant*. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause

contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant George Jones Excavating, L.L.C. ("Jones Excavating") is a limited liability company organized under the laws of the State of Illinois.

## CLAIM FOR RELIEF

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During all relevant times, Jones Excavating was bound by collective bargaining agreements with certain Teamsters locals under which Jones Excavating was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. The Pension Fund determined that on or about October 17, 2015, Jones Excavating permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, Jones Excavating incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $274,587.38, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

12. On or about July 22, 2016, Jones Excavating received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In that notice and demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by August 1, 2016, pursuant to section 4219 of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, Section 5(e)(2) of the Pension Fund's Plan Document. The amount demanded was $274,587.38, the balance owed at that time on the withdrawal liability.

13. Jones Excavating did not timely request review of the withdrawal liability assessment pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

14. Jones Excavating failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

      (i)      $274,587.38 in withdrawal liability;

      (ii)      interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

      (iii)      an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

      (iv)      attorney's fees and costs.

(b)      Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)      For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Nicholas G. Whitfield*
Nicholas G. Whitfield (ARDC 6310479)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018
847-939-2462
nwhitfie@centralstates.org

November 4, 2016